UNITED STATES of America, Plaintiff–Appellee,

v.

Glenn L. NELSON, Defendant–Appellant.

No. 93–3428.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1994.

Decided July 1, 1994.

Grant C. Johnson, Asst. U.S. Atty., Steven O'Connor, Asst. U.S. Atty. (argued), Madison, WI, for plaintiff-appellee.

Steven C. Underwood, Stolper, Koritzinsky, Brewster & Neider, Madison, WI (argued), for defendant-appellant.

Before FAIRCHILD, CUMMINGS and BAUER, Circuit Judges.

FAIRCHILD, Circuit Judge.

Appellant Glenn L. Nelson ("Nelson") pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. He appeals the sentence imposed by the district court. We affirm.

## I. BACKGROUND

The information alleged that from April 1990 to April 1991, Nelson "having devised a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and for the purpose of executing this scheme, knowingly caused mail matter to be placed in the mail and delivered by the United States Postal Service...." During that time period, Nelson operated the Horizon Insurance Agency, and was licensed to sell various types of insurance.

From 1988 through 1990, Nelson collected premiums but failed to obtain coverage for three client companies. Nelson attempted to

pay claims himself, but could not keep up the payments for one company. Nelson subsequently refunded the premiums paid by the companies, and agreed to revocation of his license to sell insurance, effective January 1992.

Nelson pled guilty to the one-count information. The district court imposed a two-level increase in Nelson's offense level, resulting in an offense level of 12; the applicable sentencing guideline range was ten to sixteen months. The district court imposed a ten-month sentence of imprisonment.

## II. DISCUSSION

This court reviews the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Gaines*, 7 F.3d 101, 103 (7th Cir.1993).

### A. *Application of § 3B1.3*

Nelson contends that the district court erred when it enhanced his offense level by two levels pursuant to § 3B1.3 of the Sentencing Guidelines ("Abuse of Position of Trust or Use of Special Skill"). That section provides for a two-level increase in offense level "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense...." Nelson argues that the Sentencing Commission did not intend § 3B1.3 to apply to a defendant who acted alone.

While many courts have applied § 3B1.3 to defendants who acted alone, we have found no case in which a defendant advanced a similar argument.

Nelson does not challenge the district court's conclusion that as an insurance broker, he was in a "position of trust" which facilitated commission of the offense he pled guilty to, because his clients trusted that he obtained insurance to cover their needs. Nelson's actions clearly fall under the plain language of § 3B1.3. Nelson relies on the commentary to § 3B1.4[1] as support for his position:

no adjustment is made for role in the offense."

---

1. Section 3B1.4 states that "[i]n any other case,

Many offenses are committed by a single individual or by individuals of roughly equal culpability so that none of them will receive an adjustment under this Part. In addition, some participants in a criminal organization may receive increases under § 3B1.1 (Aggravating Role) while others receive decreases under § 3B1.2 (Mitigating Role) and still other participants receive no adjustment.

Nelson evidently reads an implication into this commentary that adjustments under § 3B1.3 are limited to situations involving two or more people.

In *Stinson v. United States*, the Supreme Court ruled "that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

The commentary to § 3B1.3 in the Guidelines Manual effective at the time of Nelson's sentencing [2] did not define "position of trust," but merely stated that "[t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller." This example, by focusing on the nature of a bank teller's position and not on the number of participants in an embezzlement scheme, implies that the adjustment can apply to one person.

The Commission amended the commentary to § 3B1.3, effective November 1993:

"Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily nondiscretionary in nature.... This adjustment, for example, would apply in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment would not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors.

We may look to this subsequent commentary for clarification of § 3B1.3. *United States v. Smaw*, 22 F.3d 330 (D.C.Cir.1994).

In addition to the current § 3B1.3 commentary, the introductory commentary to Part B—Role in the Offense indicates the Sentencing Commission's intentions: "[w]hen an offense is committed by more than one participant, § 3B1.1 [Aggravating Role] or § 3B1.2 [Mitigating Role] (or neither) may apply. Section 3B1.3 may apply to offenses committed *by any number of participants.*" (Emphasis added.)

The introductory commentary to the Guideline Part concerning a defendant's role in an offense explicitly allows for application of § 3B1.3 to one who is a sole participant in an offense. The current commentary to § 3B1.3 also provides guidance, giving examples of one person engaging in an offense. Finally, a defendant acting alone plainly falls under the language of § 3B1.3; there is no need to look at relative culpability. We conclude that the commentary to § 3B1.4 is not meant to preclude a defendant who acted alone from receiving a two-level increase for abusing a position of trust.

#### B. *Dictates of Enabling Legislation*

■ Nelson asserts that Congress did not authorize the Sentencing Commission to provide an adjustment for role in the offense for a defendant who acted alone.

■ The guidelines are a constitutionally proper delegation of congressional authority to the Sentencing Commission, and the Sentencing Reform Act gives the Sentencing Commission "significant discretion in formu-

---

2. Nelson was sentenced in September 1993.

lating guidelines." *Mistretta v. United States,* 488 U.S. 361, 377, 109 S.Ct. 647, 657, 102 L.Ed.2d 714 (1989). Congress described various factors for the Commission to consider in establishing categories of defendants, including "role in the offense." 28 U.S.C. § 994(d)(9).

Nelson contends that "the word 'role' connotes a part or component of a larger whole. The defendant in the instant case did not play a part in the offense. He caused the entire offense by himself." Def.'s Br. at 8. We do not find Nelson's narrow interpretation of "role," which would preclude application of § 3B1.3 to him, to be persuasive. The common meaning of role is not limited to applying only to a person who acts with others.[3] The Sentencing Commission complied with congressional intent when it established § 3B1.3.

### C. *Rule of Lenity*

▉ Nelson also argues that if we decide that the commentary in Part B is ambiguous, we should apply the principle of lenity and resolve any ambiguity in his favor.

We do not find that the commentary is ambiguous so as to invoke lenity. *See Chapman v. United States,* 500 U.S. 453, 463, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991) ("The rule of lenity, however, is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of [a congressional act]. . . ." (internal quotation marks and citation omitted)). Additionally, we have held that "[t]he Rule of Lenity . . . is inapplicable to the interpretation of the Guidelines." *United States v. Mrazek,* 998 F.2d 453, 455 (7th Cir.1993).

### III. CONCLUSION

Accordingly, the sentence of Glenn L. Nelson is

AFFIRMED.

---

**3.** *See e.g.,* Webster's Third New International Dictionary 1968 (1981):

    a character assigned to or assumed by someone . . . a socially prescribed pattern of behavior corresponding to an individual's status in a particular society . . . a part played by an actor . . . a function performed by someone or something in a particular situation. . . .