**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John SEBERO, Defendant–Appellant.**

No. 94–2274.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 29, 1994.

Decided Jan. 17, 1995.

**1076**

Steven Pray O'Connor, Asst. U.S. Atty., Madison, WI (argued), for U.S.

Howard S. Goldman, Madison, WI (argued), for John Sebero.

Before CUMMINGS, ESCHBACH, and KANNE, Circuit Judges.

ESCHBACH, Circuit Judge.

John Sebero pleaded guilty to one count of manufacturing, possessing with intent to distribute and distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 163 months' imprisonment, to be followed by five years of supervised release. Sebero received an enhanced sentence as a result of the district court's determination that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines"). Sebero challenges his sentence. We affirm.

## I.

John Sebero has found himself on the wrong side of the law on more than one occasion. On July 1, 1976, Sebero was convicted for the burglary of a residential apartment in Waukesha County, Wisconsin. The following year, on November 14, 1977, he was convicted for the burglary of a cabin in Marinette County, Wisconsin. Most recently, Sebero has been convicted for his involvement in drug-related activities.

On December 8, 1993, a grand jury returned a two-count indictment against Sebero. Count One of the indictment charged Sebero with conspiring to manufacture, possess and distribute methcathinone, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Two charged him with manufacturing, possessing with intent to distribute and distributing methcathinone in violation of 21 U.S.C. § 841(a)(1). On March 25, 1994, Sebero and the government entered into a plea agreement, pursuant to which the government dismissed Count One of the indictment and Sebero, in turn, pleaded guilty to Count Two.

On May 20, 1994, the district court held a sentencing hearing. In determining Sebero's sentence, the court adopted the guideline calculations recommended by the probation officer as set forth in the presentence investigation report. Sebero had an offense level of 29. In addition, Sebero was found to be a "career offender" under U.S.S.G. § 4B1.1 because of his two prior burglary convictions; therefore, his Criminal History Category was increased from III to VI. Based on an offense level of 29 and a Criminal History Category of VI, the sentencing guideline range was 151 to 188 months.[1] The district court sentenced Sebero to 163 months' imprisonment. Sebero filed a timely appeal,

---

1. Had the district court not classified Sebero as a career offender under the Sentencing Guidelines, he would have had a Criminal History Category of III. With an offense level of 29 and a Criminal History Category of III, Sebero would have had a sentencing guideline range of 108 to 130 months.

claiming that the district court committed reversible error in enhancing his sentence pursuant to the career offender provision of the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

The district court classified Sebero as a career offender, and Sebero now challenges that classification. The Sentencing Guidelines state that a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a ... controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Sebero concedes that the first two elements are satisfied. He also concedes that his 1976 burglary of a residential apartment was a "crime of violence" under U.S.S.G. § 4B1.2. Sebero's sole contention on appeal is that his prior conviction for burglary in 1977 was not a crime of violence.

 Section 4B1.2 defines the term "crime of violence" as any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) *is burglary of a dwelling,* arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2. Application Note 2 of U.S.S.G. § 4B1.2 provides:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit cards, and burglary of a dwelling. Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.,* expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of inquiry.

U.S.S.G. § 4B1.2(1) (emphasis added). Application Note 2 of § 4B1.2 provides some additional guidance, and it enumerates a list of offenses which should be conclusively viewed as crimes of violence.[2] Clearly, burglary of a dwelling is deemed a "crime of violence" under the Sentencing Guidelines. *See United States v. Coleman,* 38 F.3d 856, 859 (7th Cir.1994) ("Enumerated crimes, *like burglary of a dwelling,* are conclusively 'crimes of violence.'") (emphasis added). Thus, the issue in this case is whether the district court properly determined that Sebero's 1977 burglary conviction constituted burglary of a dwelling. We will not disturb a district court's sentencing decision under the Sentencing Guidelines "so long as the district court correctly applied the Guidelines to findings of fact that were not clearly erroneous." *United States v. Montgomery,* 14 F.3d 1189, 1196 (7th Cir.1994) (quoting *United States v. Sykes,* 7 F.3d 1331, 1335 (7th Cir.1993)). However, we review the district court's interpretation of the Sentencing Guidelines *de novo. United States v. Nelson,* 29 F.3d 261, 262 (7th Cir.1994).

██ In 1977, Sebero was convicted of burglary in violation of § 943.10(1)(a) of the Wisconsin Statutes.[3] The criminal complaint charged Sebero with feloniously and intentionally entering "a building, to-wit: a cabin owned by Kenneth Roger." The presentence investigation report, which the district court accepted and examined, stated that Kenneth Roger, the owner of the cabin, had recently indicated that the cabin in question is used as a dwelling for those engaged in outdoor ac-

3. The parties agree that in 1977, § 943.10(1) of the Wisconsin Statutes read as follows:

**943.10 Burglary**
(1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony:
(a) Any building or dwelling; or
(b) An enclosed railroad car; or
(c) An enclosed portion of a ship or vessel; or
(d) A locked enclosed cargo portion of a truck or trailer; or
(e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or
(f) A room within any of the above.

tivities, with the heaviest use being during the fall hunting season. The district court concluded that Sebero's 1977 conviction was for the burglary of a dwelling, which therefore constituted a crime of violence under the Sentencing Guidelines.

Sebero argues that the district court was not allowed to examine the facts behind the 1977 burglary conviction, and consequently the court committed reversible error by considering extrinsic evidence regarding the use of the cabin. Sebero relies on cases such as *United States v. Carter,* 910 F.2d 1524, 1533 (7th Cir.1990), *cert. denied,* 499 U.S. 978, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991), and *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991), for the proposition that the sentencing judge must rely solely on the charging documents and the category of the prior crime when determining whether an offense enumerated in U.S.S.G. § 4B1.2 is a crime of violence. *See also Coleman,* 38 F.3d at 859 (stating that under Application Note 2 of § 4B1.2, an inquiry into the conduct underlying the prior conviction "is only made for non-enumerated crimes"). However, Sebero's reliance on these cases is misplaced.

In *Carter, Jones,* and *Coleman,* the issue is whether the sentencing court can inquire into the underlying conduct of the prior offense, notwithstanding the fact that the offense is enumerated in the Sentencing Guidelines as a crime of violence. In each of these cases, it is undisputed that the conviction in question was for an offense which is enumerated in Application Note 2 of § 4B1.2. In the case at bar, the district court found that Sebero's 1977 conviction was for the burglary of a dwelling, which is one of § 4B1.2's enumerated offenses; however, Sebero contends that this conviction was not for the burglary of a "dwelling" and is therefore not an enumerated crime of violence. Thus, the two parties in the instant case dispute whether the prior conviction was for an offense which is enumerated in Application Note 2 of § 4B1.2. The issue before us is whether the district court properly determined that Sebero's 1977 burglary conviction was for the burglary of a dwelling.

In addressing this issue, we must determine whether the district court erred in examining the information contained in the presentence report which stated that Mr. Rogers uses his cabin as a dwelling primarily in the hunting season. We find that no error was committed. The extrinsic evidence reviewed by the district court merely helped clarify a potential ambiguity in the charging document, and it in no way contradicted any of the other evidence presented.

The Tenth Circuit recently confronted this issue in *United States v. Smith,* 10 F.3d 724 (10th Cir.1993), and we find the analysis of our sister circuit to be instructive:

> The problem in this case is that Defendant's statutory count of conviction ... is ambiguous because it encompasses burglaries of dwellings and non-dwellings, alike. As *Taylor* [*v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990),] indicates in discussing § 924(e), a court can look beyond the statutory count of conviction in order to resolve a patent ambiguity caused by a broad state statute, ... and we take the same position with respect to the Guidelines. However, similar to the Court's approach in *Taylor,* we limit that examination to the charging papers, judgment of conviction, plea agreement or other statement by the defendant for the record, presentence report adopted by the court, and findings by the sentencing judge.

*Smith,* 10 F.3d at 733–34. We have found no cases to the contrary. Accordingly, we find that the district court did not err by examining the presentence report and determining that the cabin referred to in the charging document was in fact a dwelling.

■ Even if we were to accept at face value the defendant's argument that the district court was only allowed to focus on the charging document and could not consider any extrinsic evidence, we would find that whatever error the district court may have committed by examining the presentence report was harmless in the instant case. The criminal complaint charges Sebero with burglarizing "a building, to-wit: a cabin," and the common understanding of the term "cabin" is that it depicts a type of small dwelling place. Indeed, Webster defines cabin as "a small one-story low-roofed *dwelling* usually

of plain construction." Webster's New International Dictionary 309 (3rd ed. 1971) (emphasis added). Thus, the charging document alone was sufficient to uphold the district court's determination that Sebero's 1977 conviction was for the burglary of a dwelling.

Sebero argues that since the charging document expressly states "building" instead of "dwelling," his burglary conviction should not be considered a crime of violence for purposes of the career offender provision of the Sentencing Guidelines. To support his argument, Sebero points out that § 943.10 of the 1977 Wisconsin Statutes defined burglary as the felonious breaking and entering into "(a) Any building or dwelling." Sebero contends that the Wisconsin legislature therefore distinguished between buildings and dwellings, and he was specifically charged with the burglary of a building, not a dwelling.

Sebero's argument seems to ignore the fact that the terms "building" and "dwelling" are not mutually exclusive. Clearly, some buildings are dwellings. The fact that the charging document referred to the cabin as a building does not mean that the cabin cannot also be considered a dwelling. Thus, the district court was not precluded from finding that Sebero's 1977 burglary of "a building, to-wit: a cabin" constituted the burglary of a dwelling. Since the criminal complaint itself charged Sebero with the burglary of a cabin, the district court could properly determine that this prior conviction was for the burglary of a dwelling even without the use of any extrinsic evidence. We conclude that the 1977 conviction for burglary was a crime of violence under U.S.S.G. § 4B1.2, and therefore the district court correctly enhanced Sebero's sentence pursuant to the career offender provision of the Sentencing Guidelines.

### III.

For the reasons set forth above, we affirm the defendant's sentence.