65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Ramon CINTRON, Defendant-Appellant.
 No. 93-2894.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 1, 1995.
Decided Aug. 22, 1995.
 
 Before POSNER, Chief Judge, and EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Appellant Juan Ramon Cintron challenges his sentence on the grounds he is entitled to a downward adjustment as a "minor participant", pursuant to U.S.S.G. Sec. 3B1.2. We affirm.
 
 I. FACTS
 
 2
 On January 19, 1993, Cintron was driving from Houston to New York. Deputy Brian Thomas pulled Cintron over for improperly crossing the fog line and center line on Interstate 57 in Williamson County, Illinois. Officer Thomas informed Cintron of the violation and requested Cintron's driver's license and automobile registration papers.
 
 
 3
 Thomas noticed that Cintron's driver's license was printed "Gintron" but signed "Cintron," and that the registration and insurance information listed conflicting addresses. Furthermore, Cintron seemed unusually nervous throughout the encounter. Thomas asked Cintron whether there were drugs in the vehicle, and Cintron looked down and twice stated "I don't do drugs." Thomas requested consent to search the vehicle, and obtained oral and written consent to do so. The search revealed a total of 4.89 kilograms of cocaine hidden in fourteen plastic packages in the car's rocker panel.
 
 
 4
 Cintron pled guilty to a superseding indictment which charged him with possessing 4.89 kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Cintron stipulated he was paid to transport the cocaine for future distribution, knew the cocaine was in his car, and knowingly possessed the cocaine with intent to distribute it. No information about other individuals or broader narcotics activities was presented. Cintron's offense level was determined to be 27, his criminal history classification was III, with a guidelines range of 87-108[1] months. The most significant item in Cintron's criminal history was a 1989 conviction for delivery of a controlled substance, which Cintron committed under the alias "Jose Antonio Reyes." Cintron received a fifteen year sentence for that conviction, and was on parole for that offense when he committed the instant offense. Judge Gilbert sentenced Cintron to the maximum of 108 months, in large measure because Cintron attempted to conceal the "Jose Antonio Reyes" conviction. (Sentencing Transcript at 12).
 
 
 5
 At sentencing, Cintron raised two objections; first that he was entitled to a downward adjustment under U.S.S.G. Sec. 3B1.2(b) as he was merely a courier,[2] and second that the government had not proved he was "Jose Antonio Reyes" for purpose of calculating his criminal history. Cintron ultimately conceded he was "Jose Antonio Reyes" during his sentencing hearing. (Sentencing Transcript at 8).
 
 
 6
 Judge Gilbert resolved the role in the offense issue in the following manner:
 
 
 7
 THE COURT: Is there anything you wish to add, Mr. Anderson, to your objection on paragraph 15 for the adjustment for role in the offense?
 
 
 8
 MR. ANDERSON: Nothing, Your Honor.
 
 
 9
 THE COURT: Okay. The Court, upon reviewing the objection and response by the Probation Office, is going to deny the adjustment for role in the offense request by the defendant for a two-level reduction.
 
 
 10
 The Court notes that this adjustment usually is in cases where there may be multiple defendants or parties involved, and then this case, although the Court's aware, there had to be more than one person involved in Mr. Cintron's case, this is basically an instance in a fact situation that this Court does not feel that Mr. Cintron should receive a two-level reduction for a minimal role in this offense. He was the only known participant in the offense of conviction to date. And this Court does not feel that a two-level adjustment should apply. So the first objection will be denied. (Sentencing Transcript at 4-5)
 
 On appeal, Cintron raises two issues:
 
 11
 1) that the district court erred in holding that Section 3B1.2(b) does not apply when a defendant is the only known participant in a crime; and
 
 
 12
 2) that Cintron must be resentenced because the district court failed to consider adjustments for both minor and minimal roles in the offense.[3]
 
 II. ANALYSIS
 
 13
 This court reviews a district court's decision as to whether to reduce a defendant's sentence under Sec. 3B1.2 under the clearly erroneous standard. United States v. Soto, 48 F.3d 1415, 1420 (7th Cir.1995). The defendant bears the burden of demonstrating that he is eligible for such a reduction by a preponderance of the evidence. Id. at 1423. However, a district court's interpretation of the guidelines is reviewed de novo. United States v. Linnear, 40 F.3d 215, 218 (7th Cir.1994); United States v. DeCicco, 899 F.2d 1531, 1535 (7th Cir.1990).
 
 
 14
 Section 3B1.2 (1992) provides, in its entirety:
 
 Sec. 3B1.2. Mitigating Role
 
 15
 Based on the defendant's role in the offense, decrease the offense level as follows:
 
 
 16
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 17
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 18
 In cases falling between (a) and (b), decrease by 3 levels.
 
 
 19
 This section provides adjustments for a defendant who plays a part in the offense that makes him substantially less culpable than the average participant. See U.S.S.G. Sec. 3B1.2, comment. (backg'd.); Soto, 48 F.3d at 1423. The determination of a defendant's role in the offense is based on all conduct within the scope of Sec. 1B1.3 (Relevant Conduct), and not just on the elements and acts cited in the count of conviction. U.S.S.G. Ch. 3, Pt. B, intro. comment.
 
 A. Minor Participant
 
 20
 Cintron maintains that the district court erred in interpreting the guidelines when it concluded that Sec. 3B1.2 does not apply when a defendant is the only known participant in a crime.
 
 
 21
 While this circuit has not specifically addressed the issue, other circuits have held Sec. 3B1.2 can apply to a defendant who is the only participant in the offense. See United States v. Caballero, 936 F.2d 1292, 1298-99 (D.C.Cir.1991), cert. denied, 112 S.Ct. 943 (1992) (courier convicted of possession with intent to distribute); United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993) (same); United States v. Demers, 13 F.3d 1381, 1385 (9th Cir.1994) (same). To merit the adjustment, the evidence at sentencing must show: 1) that the relevant conduct for which the defendant would otherwise be held accountable (within the meaning of Sec. 1B1.3) involved more than one participant; and 2) that the defendant's culpability was relatively minor compared to the other participants. Caballero, 936 F.2d at 1299; Webster, 996 F.2d at 212. See also United States v. Bierley, 922 F.2d 1061, 1065 (3d Cir.1990) (that there is only one defendant does not mean there were not other participants who simply have not been apprehended or were not charged).
 
 
 22
 Cintron maintains that the district court made an error of law in holding Sec. 3B1.2 did not apply to him.[4] Although the district court's statements are somewhat ambiguous, the court stopped short of stating Sec. 3B1.2 could never apply to solo defendants. The district court indicated the adjustment "usually" applied where there were "multiple defendants or parties involved." (Sentencing Transcript at 5). This is an accurate statement. The district court did emphasize, however, that Cintron's "fact situation" did not warrant a two-level reduction, as Cintron was "the only known participant in the offense of conviction to date." (Sentencing Transcript at 4-5.) The "to date" reference in particular indicates the district court's decision was based upon Cintron's inadequate showing regarding his alleged "minor" role in the offense. This where Cintron's claim founders.
 
 
 23
 The burden is on Cintron to show he is entitled to a downward adjustment under Sec. 3B1.2. See Soto, 48 F.3d at 1423. No other "relevant conduct" beyond the acts encompassed in the conviction was presented at sentencing. While the district court acknowledged that more than one person was involved, this was apparently based on the stipulation that someone paid Cintron to transport the drugs. Other than that stipulation, no evidence was presented of any larger organization or broader illegal activities. Contrast United States v. Willis, 49 F.3d 1271 (7th Cir.1995) (street dealer in the context of extensive narcotics conspiracy). See also United States v. Sanchez, 984 F.2d 769, 775 (7th Cir.1993) (courier can be minor participant in larger conspiracy). Because Cintron presented no evidence in support of his claim to the district court, he clearly failed to meet his burden.[5]
 
 
 24
 Further, Cintron was not held accountable for anything beyond his own conduct. The issue is not "whether the defendant committed a minor offense, or caused only a minor social injury; the question is whether the defendant's role in the crime of conviction was minor." Willis, 49 F.3d at 1275. Cintron was entirely responsible for the crime for which he was charged, possession with intent to distribute; as such he is not entitled to an adjustment for his role in the offense. See Sanchez, 984 F.2d at 775 (defendant was charged with possession with intent to distribute and possession of a firearm and was the primary participant in both offenses).[6] Cf. DeCicco, 899 F.2d at 1535-36 (more than one criminally liable "participant" needed to apply Section 3B1.1).
 
 B. Minimal Participant
 
 25
 Cintron also contends he is entitled to resentencing because the record does not indicate the district court considered a downward adjustment for both minor and minimal participation. As the district court clearly considered[7] an adjustment for minor participation, the question becomes whether resentencing is required because the district court did not consider an adjustment for minimal participation. Cintron relies upon United States v. Scroggins, 939 F.2d 416 (7th Cir.1991).
 
 
 26
 In Scroggins, the defendant moved for an adjustment as a minimal participant, which the district court properly denied. 939 F.2d at 424. This court concluded, however, that remand was necessary because it was unclear whether the district court considered whether the defendant was a minor participant, especially in light of the prosecutor's acknowledgment that the defendant was less culpable than others involved in the criminal activity. Id. See also United States v. Gutierrez, 978 F.2d 1463, 1471 (7th Cir.1992) (remand required where defendant requested an adjustment for both minor and minimal participation and district court only explicitly addressed issue of minimal participation).
 
 
 27
 Cintron's contention fails. First, Cintron did not move for an adjustment as a "minimal" participant in the district court; thus we will review only for plain error. See generally Soto, 48 F.3d at 1421. Second, Cintron's situation is distinguishable from that of the defendants in Scroggins and Gutierrez. Those defendants sought four-level adjustments as minimal participants. Even if their motions were denied, that would not rule out their eligibility for two-level reductions as minor participants, given the more limited showing required. In contrast, Cintron moved for a two-level reduction as a minor participant. As Judge Gilbert believed Cintron's showing was inadequate to establish minor participation, it goes without saying Cintron's showing was inadequate to establish minimal participation. The substantial quantity of narcotics, and the fact couriers are not automatically entitled to a reduction for their role in drug offenses, indicate Cintron was not a minimal participant. See generally Osborne, 931 F.2d at 1159 (courier who transported 11 ounces of cocaine not entitled to adjustment under Sec. 3B1.2); Precin v. United States, 23 F.3d 1215, 1219 (7th Cir.1994) (request for reduction under Sec. 3B1.2 likely futile for courier who was responsible for distributing 500-2000 grams of cocaine).
 
 III. CONCLUSION
 
 28
 Cintron has not established that the district court erred in sentencing him. The district court judgment is AFFIRMED.
 
 
 
 [1]
 The version of the United States Sentencing Guidelines in effect on November 1, 1992 applies to this case. The guidelines calculation in the plea agreement (70-87 months) differed from that actually utilized because Cintron had concealed an earlier conviction, which changed his criminal history classification
 
 
 [2]
 In the written objection to the Presentence Investigation Report, the entire argument in favor of a reduction for role in the offense consisted of the following:
 "The Defendant urges that his role in the offense was minor, and pursuant to Sec. 3B1.2(b) of the Federal Sentencing Guidelines he is entitled to decrease in offense level of 2 levels." (Record # 39).
 In addition, no argument in favor of the reduction was presented at the sentencing hearing. (See Sentencing Transcript at 4-5.) Further, the plea agreement provided that Cintron's role in the offense was covered by U.S.S.G. Sec. 3B1.4 (no adjustment for role in the offense). (Record # 35 at 6.)
 
 
 [3]
 The statement of issues of Cintron's brief indicates a third argument--that the district court erred in failing to articulate the guidelines used to compute Cintron's base offense level. (Cintron's Brief at 2). No argument was presented regarding this issue and the government opined that it was probably a typographical error, a conclusion not disputed by Cintron in his reply. In any event, the failure to present any argument on the issue waives it
 
 
 [4]
 Cintron relies heavily upon United States v. Nelson, 29 F.3d 261 (7th Cir.1994). Nelson, however, provides no support for Cintron's position. In Nelson, this court held that Sec. 3B1.3, which pertains to adjusting a sentence upward when a defendant abuses a position of trust, can be applied to a defendant who was the sole participant in an offense. 29 F.3d at 263. The court noted that "role" in the offense, as used in the guidelines, is not limited to situations where a defendant acts with others. Id. at 264. The court noted, however, that Sec. 3B1.3 applies to offenses committed by any number of participants, in contrast to Sec. 3B1.2, which applies when the offense is committed by more than one participant. Id. at 263. "Participant" is defined in Sec. 3B1.1 as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. Sec. 3B1.1, comment. (n. 1)
 
 
 [5]
 The mere fact Cintron may have been a courier does not automatically entitle him to a reduction under Sec. 3B1.2. See Willis, 49 F.3d at 1275. Couriers are indispensable to the functioning of a narcotics conspiracy and are not necessarily significantly less culpable than other participants in the conspiracy. See United States v. Osborne, 931 F.2d 1139, 1157-59 (7th Cir.1991)
 
 
 [6]
 Sanchez is similar to the instant case. Mr. Sanchez, acting alone, transported five pounds of cocaine in his family car and was to be paid $2500 for the trip. 984 F.2d at 775. Sanchez maintained that he was merely a courier but would not name his supplier. Id
 
 
 [7]
 The district court judge misspoke during the sentencing hearing in stating a reduction was inappropriate for a "minimal" role in the offense. (Sentencing Transcript at 5.) The district court clearly meant to say "minor" rather than "minimal", as the court was dealing with Cintron's motion for an adjustment as a "minor" participant and made repeated references to the two-level adjustment "minor" participation warrants. Cintron apparently concedes the district court was analyzing the "minor" participant issue. (See Cintron's Brief at 7.)