77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. HORNADAY, Defendant-Appellant.
 No. 95-2890.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 24, 1996.
Decided Feb. 15, 1996.
 
 Before COFFEY, Circuit Judge, EASTERBROOK, Circuit Judge, and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Michael Hornaday pleaded guilty to being a felon in possession of a firearm. His sentence was enhanced under 18 U.S.C. § 924(e) because the court found that Hornaday had committed three prior violent felonies. Hornaday appeals the enhanced sentence.
 
 FACTS
 
 2
 In October 1993 Michael Hornaday was involved in a gunfight. Although he was acquitted of attempted murder, Hornaday, who has three previous burglary convictions, was charged with being a felon in possession of a firearm and ammunition. 18 U.S.C. § 922(g)(1). He pleaded guilty to possessing the firearm, and because of his three burglary convictions the government moved to enhance his sentence under 18 U.S.C. § 924(e).[1]
 
 
 3
 Hornaday admits that two of the burglary convictions constitute violent felonies. The remaining conviction resulted from Hornaday's plea of guilty to Second-Degree Burglary in 1966. The Indiana statute[2] in effect at that time was broader than the definition of "generic burglary" established as the standard for § 924(e) enhancement in Taylor v. United States, 495 U.S. 575, 599 (1990). The charging document, however, clearly shows that Hornaday was charged with generic burglary. Hornaday appeals the district court's decision to look beyond the elements of the statute and, using the charging document, declare the 1966 conviction a generic burglary, a decision which rendered him liable to the enhanced sentencing. He was sentenced to 110 months of imprisonment and three years of supervised release.
 
 STANDARD OF REVIEW
 
 4
 "Because the issue is one of law, we review the district court's interpretation of § 924(e) de novo." United States v. Davis, 16 F.3d 212, 214 (7th Cir.), cert. denied, 115 S.Ct. 354 (1994).
 
 ARGUMENT
 
 5
 In Taylor, the Supreme Court held that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599. An offense constitutes "burglary" "if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id. at 602.
 
 
 6
 Hornaday focuses on the Court's adoption of a categorical approach, in which the sentencing court looks only to the fact of conviction and the statutory elements of the prior offense, not to the facts underlying the conviction. Id. He believes that the Court's exception, where the sentencing court may go beyond the fact of conviction "in a narrow range of cases where a jury was actually required to find all the elements of generic burglary," id., is by its language necessarily restricted to jury cases. Consequently, it would be inapplicable to his 1966 conviction, in which he pleaded guilty instead of going to trial. He contends that, by looking only at the overbroad statutory elements and the fact of conviction, the 1966 conviction fails to meet the definition of "generic burglary" and thus cannot be used for § 924(e) enhancement. By allowing the government to introduce the charging document, he argues, the sentencing court erroneously allowed the prosecution to present its view of the facts in violation of Taylor.
 
 
 7
 This court, however, has not restricted Taylor 's language to cases in which jury instructions were given. In fact, in several cases we have focused on the use of charging papers. In United States v. King, 62 F.3d 891 (7th Cir.1995), the defendant had been charged under a statute broader than "generic burglary." "Thus, we must examine the charging paper and/or jury instructions to determine whether the Illinois court found that King entered a building or structure." Id. at 897 (emphasis added). We concluded that enhancement was appropriate because the elements of generic burglary were satisfied: "[t]he charging paper states that King, without authority, knowingly entered a building." Id.
 
 
 8
 In United States v. White, 997 F.2d 1213, 1217-18 (7th Cir.1993), we stated:
 
 
 9
 Pursuant to Taylor 's directive, we look first at the charging paper--here, the information--that charged White with the 1977 burglaries. White entered guilty pleas on five of the twelve counts in the information--counts three, four, seven, eight, and ten. Each of them satisfies Taylor 's definition of generic burglary. Count three, for example, charges that White "unlawfully, wilfully and feloniously enter[ed] the room of Kathie Martin ... with the intent to commit theft."
 
 
 10
 Similarly, Hornaday in 1966 was charged with "unlawfully, feloniously and burglariously break[ing] and enter[ing] into the building and structure of Southeastern Auto Parts ... with the intent to commit a felony therein...." App. Ex. D-1.
 
 
 11
 Further, in United States v. Sebero, 45 F.3d 1075, 1078 (7th Cir.1995), the defendant argued, not that the district court erred in examining the charging papers, but that it should not have looked beyond those papers. This court affirmed the district court's decision to confirm that a "cabin" (as charged) was a dwelling by referring to the presentence report for clarification. We concluded that, even if the district court had erred, "the charging document alone was sufficient to uphold the district court's determination that Sebero's 1977 conviction was for the burglary of a dwelling." Id. at 1079. See also United States v. Howell, 37 F.3d 1197, 1206-07 (7th Cir.1994) (where defendant convicted under statute broader than generic burglary, appropriate for the district court to look to information and conviction to determine whether crime met elements of generic burglary), cert. denied, 115 S.Ct. 1810 (1995); Davis, 16 F.3d at 215 n. 4 (charging paper and jury instructions not part of record; " '[f]or all we know, the charging papers meet the standard of 'generic burglary' and thus establish that the crime[ ] [is a] 'violent felon[y]."); United States v. Davenport, 986 F.2d 1047, 1049 (7th Cir.1993) ("What if [defendant's] trial lawyer was unaware that Taylor directs the sentencing judge to the charging papers rather than the evidence presented at the former trials?"); cf. United States v. Hudspeth, 42 F.3d 1015, 1018 n. 3 (7th Cir.1994) (en banc) ("Taylor does not preclude a sentencing court from examining the factual underpinnings of a defendant's prior convictions in order that it might ... determine if multiple offenses occurred on one or more 'occasions.' As a practical matter, a district court frequently must look beyond the charging papers and judgment of conviction for these documents alone rarely provide the district court with the detailed information necessary...."), cert. denied, 115 S.Ct. 2252 (1995).
 
 
 12
 We also note that when faced with convictions under overbroad statutes other circuits have looked to indictments and informations, especially when coupled with guilty pleas, to establish that the defendant actually committed generic burglary. See United States v. Hill, 53 F.3d 1151, 1154-55 (10th Cir.) (en banc), cert. denied, 116 S.Ct. 258 (1995); United States v. Kilgore, 7 F.3d 854, 856 (9th Cir.1993) (per curiam); United States v. Cornelius, 931 F.2d 490, 494 (8th Cir.1991) (citing United States v. Payton, 918 F.2d 54 (8th Cir.1990)).
 
 
 13
 Finally, Hornaday pleaded guilty as charged, and the charging paper clearly states that Hornaday entered a building. App. Ex. D-1, D-2. By pleading guilty, a defendant admits the allegations charged. United States v. Broce, 488 U.S. 563, 570 (1989); United States v. Tolson, 988 F.2d 1494, 1500 (7th Cir.1993). In Lowe v. United States, 923 F.2d 528, 531 (7th Cir.), cert. denied, 500 U.S. 937 (1991), this court held that enhancement was appropriate where the defendant, although charged and convicted under a broad statute, admitted that he was convicted under the part of the statute that satisfied the statutory requirements. Similarly, in 1966 Hornaday admitted that he entered a building, and now he may not contend that he was convicted of non-generic burglary.
 
 
 14
 Hornaday fails not only to make a compelling argument to restrict Taylor 's exception to jury trials, but to recognize that charging papers are part of the court record of the conviction, and that the court is obligated to examine each and every part of the court record. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 18 U.S.C. § 924(e) provides in relevant part:
 (1) In the case of a person who violates Section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the Court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under Section 922(g).
 "Violent felony" is defined as any crime punishable by more than a year in prison that:
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 18 U.S.C. § 924(e)(2)(B).
 
 
 [2]
 I.C. 10-701(b) stated: "Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban-car, street-car, railroad-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree...."