97 F.3d 1455
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen D. SWEARINGEN, Defendant-Appellant.
 No. 96-2160.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1996.
Decided Sept. 12, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Stephen D. Swearingen pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). There was no formal plea agreement, and thus the government made no specific promises in return for Swearingen's guilty plea. The trial judge accepted Swearingen's plea. The judge concluded that Swearingen was an Armed Career Criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 and sentenced Swearingen to 204 months imprisonment and five years of supervised release. Swearingen's attorney has filed a motion to withdraw on the ground that there is no non-frivolous basis for appeal. See Anders v. United States, 386 U.S. 738 (1967). Counsel has also filed a brief in which he cites several arguments that Swearingen might wish to raise on appeal, explaining why he believes that these are without merit. Pursuant to Circuit Rule 51(a), this Court notified Swearingen of his right to file a response to his attorney's motion. He has not done so. We have examined counsel's brief and the record and agree that there is no non-frivolous basis for Swearingen to appeal either his conviction or sentence. We therefore grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Swearingen has not indicated in either this Court or the district court that he wishes to withdraw his guilty plea. Therefore, we need not examine his conviction and can limit our discussion to his sentence. At the sentencing hearing Swearingen stated that he had been given a copy of the presentence report and had an opportunity to discuss it with his attorney. FED.R.CRIM.P. 32(c)(3)(A). Swearingen and his attorney were each given the opportunity to object to the findings in the presentence report and to make statements prior to the judge's imposition of sentence. FED.R.CRIM.P. 32(c)(1) and (3). The presentence report classified Swearingen as an armed career criminal, and calculated his offense level and career history category accordingly. 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4. In making these calculations, the probation officer properly took into account the fact that at the change of plea hearing it was established that the gun Swearingen possessed was a shotgun with a barrel length of 16 and 1/2 inches and was therefore a firearm described in 26 U.S.C. § 5845(a). U.S.S.G. § 2K2.1(a)(4)(B). The district court accepted these findings. The only issue worth mentioning in regard to this finding concerns the question of whether Swearingen had at least three prior convictions for violent felonies, defined as including convictions for burglary for which one could be imprisoned for more than a year. 18 U.S.C. § 924(e). According to the presentence report, (and Swearingen did not challenge this finding) Swearingen has three Illinois convictions for burglary on three separate occasions. He was incarcerated for more than a year on each occasion. Therefore, the only question is whether these burglaries, which all involved commercial establishments, qualify as crimes of violence within the meaning of § 924(e).
 
 
 3
 Burglary for purposes of enhancing a defendant's sentence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 means generic burglary, which is defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 601, 598 (1990) (footnote omitted). In determining whether a prior burglary conviction qualifies under this definition, a sentencing court should generally look at the wording of the statute under which the defendant was convicted in the prior cases or to the indictment, information and/or jury instructions, to determine whether the conviction necessarily encompassed each of the elements of generic burglary. Taylor, 495 U.S. at 602; United States v. White, 997 F.2d 1213 (7th Cir.1993). In addition, the sentencing court can look at the presentence report to determine the nature of the crimes for which the defendant was previously convicted. United States v. Sebero, 45 F.3d 1075, 1078 (7th Cir.1995). If this report is unchallenged, then it is sufficient to establish whether the defendant has at least three prior convictions that qualify him for an enhanced sentence. United States v. Hudspeth, 42 F.3d 1015, 1019 n. 6 (7th Cir.1994) (en banc ), cert. denied, 115 S.Ct. 2252 (1995).
 
 
 4
 In the present case, the record does not indicate which of the several Illinois burglary statutes was used to convict Swearingen. However, the burglaries all involved commercial buildings. The only Illinois statute which is broad enough to cover such a crime, 720 ILCS 5/19-1 (and the statutes which preceded it and were in effect at the times that Swearingen committed the robberies, see ILL.REV.STAT. ch. 38, p 19-1 (1991) (and codifications of this provision between 1969 and 1991)), defines burglary as encompassing a broader set of acts than those that compose generic burglary. United States v. Howell, 37 F.3d 1197, 1207 (7th Cir.1994), cert. denied, 115 S.Ct. 1810 (1995). Specifically the statute includes within the definition of burglary the unlawful entry into a "building, housetrailer, watercraft, aircraft, motor vehicle ... [or] railroad car ... with the intent to commit therein a felony or theft." 720 ILCS 5/19-1. Therefore, under Taylor, the fact that Swearingen was convicted three times of violating this statute is not sufficient for a court to conclude that he qualifies for an enhanced sentence as an Armed Career Criminal. In addition, neither the jury instructions nor the indictment (or information) is included in the record. However, the presentence report, the factual basis of which Swearingen did not challenge, makes it clear that each of Swearingen's burglary convictions were based upon his unlawful entry into buildings (with the intent to commit a crime) and therefore falls within the scope of generic burglary. In his brief, counsel indicates that Swearingen maintains (and Swearingen's comments at the sentencing hearing bear this out) that these burglaries do not qualify as violent felonies within the meaning of the statute and Sentencing Guidelines, not because he did not engage in the acts alleged in the presentence report, but because these were commercial as opposed to residential burglaries, the former falling outside the purview of the common law burglary. See WAYNE FAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 8.13, p. 464 (1986) ("Burglary was defined by the common law to be the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony."). Taylor makes it clear, however, that for purposes of the Armed Career Criminal enhancement, burglary is not limited to its common law definition. 495 U.S. at 598. The definition that the Court put forth is clearly broad enough to encompass the three burglaries for which Swearingen was convicted.
 
 
 5
 There being no non-frivolous basis upon which Swearingen can appeal either his conviction or sentence, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.