**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 02-40870

---

RONALD DAVID KRUEGER,

                                                          Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas

(02-CR-3)

---

February 14, 2003

Before BENAVIDES, STEWART,  and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

The Defendant, Ronald David Krueger ("Krueger") appeals his sentence for possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). Specifically, he appeals the district court's finding that

his prior burglary conviction under Wisconsin law was a "crime of violence" pursuant to the career

offender enhancement provisions of the Sentencing Guidelines. For the following reasons, we find

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

that the district court did not err in its interpretation of the Sentencing Guidelines and conclusions of fact and therefore, AFFIRM.

**Procedural and Factual Background**

Krueger pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of several firearms, in violation of 18 U.S.C. § 922(g)(1).[1] The applicable Sentencing Guideline for violating § 922(g)(1) is U.S.S.G. § 2K2.1. Under the Sentencing Guidelines, Krueger is eligible for a base offense level of 22 because the offense involved a firearm enumerated in 26 U.S.C. § 5845(a) and his prior felony conviction in violation of Wisconsin law is a crime of violence. U.S.S.G. § 2K2.1(a)(3). In Krueger's pre-sentence report (PSR), the probation officer established both requirements to calculate his base offense level. Krueger's base offense level would have been 20 had his prior felony conviction not been a "crime of violence." Krueger objected to the two-level increase as a result of the PSR's determination that his burglary conviction was a "crime of violence."

Krueger's objection was that the Wisconsin statute under which he was convicted does not distinguish between burglary of a building and burglary of a dwelling. Under the Sentencing Guidelines, if he had been convicted of burglary of a building, Krueger's prior felony conviction would not have been a "crime of violence." See United States v. Jackson, 22 F.3d 583, 585 (5th Cir. 1994) ("Jackson I") (holding that burglary of a building is not a crime of violence). Krueger contended that because he burglarized homes that were under construction and still unoccupied, he

---

[1] Although the plea agreement contains a waiver of appeal, Krueger specifically reserved his right to appeal "issues related to the application of the Sentencing Guidelines." R. 1, 56. Because the issue presented in this appeal concerns the district court's alleged incorrect application of U.S.S.G. § 2K2.1(a)(3), the waiver does not bar Krueger's appeal.

burglarized a building rather than a dwelling and therefore, did not commit a crime of violence. In support of his objection to the PSR, Krueger attached an occupancy permit which showed that the burglarized property was not legally inhabitable at the time of the burglary. The probation officer responded that because the Wisconsin charging document refers to the structures as dwellings, Krueger committed a crime of violence. Krueger maintained the same objection during sentencing. The district court overruled Krueger's objection and explained that it cannot go beyond the charging instrument to determine whether a defendant committed a crime of violence. The district court sentenced Krueger to 63 months' imprisonment, three years' supervised release, and a $100 special assessment. Krueger now appeals.

**Discussion**

Standard of Review

This Court reviews a district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Charles, 301 F.3d 309, 312-13 (5th Cir. 2002) (en banc). We review findings of facts for clear error. United States v. Claiborne, 132 F.3d 253, 254 (5th Cir. 1998). We are bound by the Sentencing Guidelines and the charging instrument in order to determine whether Krueger's prior burglary conviction was for a crime of violence. Id; United States v. Fitzhugh, 954 F.2d 253 (5th Cir. 1992).

Interpretation of the Sentencing Guidelines

In Charles, we held "that sentences involving possession of a firearm by a felon, which also involve a prior conviction for an alleged 'crime of violence,' are to have the 'crime of violence' determination made only in accordance with the definition in § 4B1.2(a) and its accompanying

3

commentary." 301 F.3d at 312. Section 4B1.2(a) defines a "crime of violence" as any offense under federal or state law that is punishable by imprisonment for more than one year that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a) (emphasis added). The application note to § 4B1.2 explains that all crimes that have as an element the threatened use of physical force against another person or that present a serious risk of physical injury to another are crimes of violence. § 4B1.2, comment. (n.1). The Sentencing Commission listed burglary of a dwelling, but not burglary of a building as a crime of violence. Id.

In 1995, Krueger was convicted of burglary in violation of WIS. STAT. § 943.10. The statute states:

> (1)Whoever intentionally enters any of the following places without the consent of the
>
> person in lawful possession and with intent to steal or commit a felony in such place
>
> is guilty of a Class C felony:
>
> (a) Any building or dwelling

WIS. STAT. § 943.10(1)(a)(1995). Wisconsin does not distinguish between a dwelling or a building in its burglary statute. Nonetheless, in the charging instrument, the State specifically charged Krueger of burglary of a dwelling. In Fitzhugh, we ruled that "[t]he sentencing court should consider conduct expressly charged in the count of which the defendant was convicted, but not any other conduct that might be associated with the offense." 954 F.2d at 255 (emphasis added). In Wisconsin, a criminal complaint can be a defendant's only charging document. See United States v. Sebero, 45 F.3d 1075,

1077 (7th Cir. 1995); State v. Derango, 613 N.W.2d 833, 847 (Wis. 2000). Krueger's criminal complaint states:

> Count #2: On June 9, 1994 or June 10, 1994 at N16 W301142 Timberbrook Court in the Town of Delafield, Waukesha County, Wisconsin, the defendant, Ronald D. Krueger, did intentionally enter a dwelling without the consent of the person in lawful possession thereof, to-wit: Kenneith Kauer, and with intent to steal, contrary to Section 943010(1)(a), Wisconsin Statutes. . . .
>
> Count #3: Between September 2, 1994 and September 9, 1994 at N14 W30422 Willowhill Court in the Town of Delafield, Waukesha County, Wisconsin, the defendant, Ronald D. Krueger, did intentionally enter a dwelling without the consent of the person in lawful possession thereof, to-wit: William Groskopf, and with intent to steal, contrary to Section 643.10(1)(a), Wisconsin Statutes. . . .

The district court did not err in its interpretation of the Sentencing Guidelines to limit its review to the charging instrument in order to determine whether Krueger was convicted of a crime of violence." The district court relied on United States v. Christopher Rodriguez Jackson to determine that under the Sentencing Guidelines it could only review Krueger's charging document to consider whether Krueger had been convicted of a crime of violence thereby declining to review the occupancy permits. 220 F.3d 635 (5th Cir. 2000) ("Jackson 2") rev'd en banc on other grounds sub nom. United States v. Charles, 301 F.3d 309 (5th Cir. 2002). Although, Charles overruled the holding in Jackson 2 that motor vehicle theft is a crime of violence under Texas law, the Fifth Circuit still adheres to the rule delineated by Jackson 2 that the Court may consider only information contained in the charging document for the purposes of sentencing. See United States v. Turner, 305

5

F.3d 349, 351 (5th Cir. 2002) ("The Guidelines and our jurisprudence require that for this part of the analysis, we consider only the conduct charged in the count of which the defendant was convicted."). The district court did not err when it decided that to review the occupancy permits would go beyond the scope of the charging instrument which is contrary to Fifth Circuit law.

Following the conduct charged in the counts, the complaint contains a narrative section which indicates that the dwelling involved in count three was still being constructed when Krueger burglarized it; there is no such indication as to count two. Krueger argues that the nature of the item stolen in count two (a whirlpool) establishes that the building was still under construction and not yet a dwelling. The question becomes whether the district court can look beyond the conduct charged in counts two and three to determine whether Krueger was convicted of burglary of a dwelling. Although the Fifth Circuit has not expressly determined whether extraneous facts alleged in the charging instrument can be considered, we were clear in Turner that "only the conduct charged in the count of which the defendant was convicted" can be considered to determine whether the Defendant was previously convicted of a crime of violence. 305 F.3d at 351 (emphasis added); see Fitzhugh, 954 F.2d at 255; but c.f., United States v. Sebero, 45 F.3d 1075 (7th Cir. 1995) (holding that the district court can examine extraneous extrinsic evidence to clarify whether the Defendant was convicted of a crime of violence when Defendant's criminal complaint alleged "burglary of a building, to wit: a cabin"). In this case, the conduct charged in counts two and three was that Krueger "did intentionally enter a dwelling." The district court was not obliged to look beyond the conduct charged in counts two and three. Under the Sentencing Guidelines, burglary of a dwelling is an enumerated offense which constitutes a "crime of violence." Thus, Krueger's sentence was properly enhanced.

**Conclusion**

The district court did not err when it considered the conduct charged in counts two and three to make a determination that Krueger's prior conviction for burglary in violation of WIS. STAT. § 943.10(a)(1) constituted a "crime of violence" under U.S.S.G. § 4B1.2. For the foregoing reasons, we affirm.

AFFIRMED.