**Sailesh C. AKKARAJU, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 03–2625.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 23, 2004.*

Decided Nov. 30, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Sailesh C. Akkaraju, Ullin, IL, for Petitioner.

George P. Katsivalis, Department of Homeland Security Office of the District Counsel, Chicago, IL, Michele Y.F. Sarko, Department of Justice Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before BAUER, MANION, and WOOD, Circuit Judges.

## ORDER

Sailesh Akkaraju petitions for review of an order of the Board of Immigration Appeals refusing to reconsider its earlier denial of his motion to reopen his removal proceedings. We dismiss the petition for lack of jurisdiction.

Akkaraju, a 33–year–old citizen of India, pleaded guilty in July 1999 to conspiracy to commit bank fraud, 18 U.S.C. §§ 371, 1344. Akkaraju and a partner had opened Advantage Mortgage, a home loan brokerage firm in Milwaukee, Wisconsin, that processed tens of millions of dollars in loans. Akkaraju and his associates secretly purchased over 40 properties, which they aggressively marketed at artificially inflated prices to unsuspecting buyers. Advantage procured mortgage loans for the buyers from commercial lenders by falsifying information on the loan applications, such as down payments and appraisals. The district court sentenced Akkaraju to 20 months' imprisonment and ordered as a condition of his supervised release that he assist the defrauded buyers in rehabilitating or liquidating their newly acquired properties.

Immigration authorities then initiated removal proceedings in October 1999. Ak-

ment is unnecessary. Thus, the case is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

karaju, who already had a 1994 Wisconsin conviction for theft by deception, was charged as removable on the grounds that the bank fraud conspiracy was an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), that both convictions were for crimes of moral turpitude, *id.* § 1227(a)(2)(A)(ii), and that Akkaraju, who had overstayed his student visa, had failed to maintain his non-immigrant status, *id.* § 1227(a)(1)(C)(i). The IJ found Akkaraju removable on all three grounds. Akkaraju appealed to the Board, which affirmed in October 2002.

Akkaraju then obtained new counsel and moved to reopen, but the Board denied the motion in February 2003 on the ground that Akkaraju had not submitted all the appropriate supporting documents. Akkaraju followed with a second motion to reopen—this one complete—but the Board denied it in April 2003, explaining that 8 C.F.R. § 1003.2(c)(2) allows only one motion to reopen. Akkaraju moved to reconsider that decision, but the Board denied the motion in May 2003 with the explanation that Akkaraju had "presented no error of law or fact in the Board's prior decision." Akkaraju, who was removed to India in December 2003 but hopes to return because his wife is a U.S. citizen, seeks review of the May denial of his motion to reconsider.

■ The government moves to dismiss on the ground that 8 U.S.C. § 1252(a)(2)(C) deprives this court of jurisdiction to review a final order of removal of an alien convicted of an aggravated felony. A "final order of removal" encompasses not only removal orders but also orders addressing subsequent motions to reopen or reconsider, like the May 2003 decision at issue here. *Dave v. Ashcroft,* 363 F.3d 649, 652 (7th Cir.2004). Nevertheless, we retain jurisdiction to determine our own jurisdiction—in other words, to determine whether Akkaraju's conviction for conspiracy to commit bank fraud is in fact an aggravated felony, which would trigger the bar of § 1252(a)(2)(C). *Xiong v. INS,* 173 F.3d 601, 604 (7th Cir.1999). Our review is *de novo. See Lara–Ruiz v. INS,* 241 F.3d 934, 939 (7th Cir.2001).

■ Akkaraju argues that his conviction for conspiracy to commit bank fraud is not an aggravated felony. For immigration purposes, an aggravated felony is an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," or a conspiracy to commit such an offense. 8 U.S.C. § 1101(a)(43)(M)(i), (U). Akkaraju does not dispute that his crime involved fraud or deceit, but he does argue that the loss to the victims did not exceed $10,000. In fact, he asserts that his actions caused no losses at all. The contention is frivolous.

Courts usually employ a "categorical approach" and look only to the statutory elements in deciding whether an offense qualifies as an aggravated felony. *See Chang v. INS,* 307 F.3d 1185, 1189 (9th Cir.2002); *Lara–Ruiz,* 241 F.3d at 941. Nevertheless, we will look beyond the statute of conviction to the underlying facts when the statute covers both conduct that constitutes an aggravated felony and conduct that does not. *Bazan–Reyes v. INS,* 256 F.3d 600, 606 (7th Cir.2001); *Xiong,* 173 F.3d at 605–06; *see Singh v. Ashcroft,* 383 F.3d 144, 161 (3d Cir.2004) (stating that 8 U.S.C. § 1101(a)(43)(M)(i) does not require a categorical approach because its terms "invite inquiry into the facts underlying the conviction at issue"). Here, the conspiracy and bank fraud statutes include no element of actual loss, *see* 18 U.S.C. §§ 371, 1344, and thus are broader in scope than the INA's definition of aggravated felony in 8 U.S.C. § 1101(a)(43)(M)(i) and (U).

That leads us to Akkaraju's plea agreement, described in the presentence investigation report (PSR), which incorporates his stipulation to causing losses of $200,000 to $350,000 to the individuals he tricked into buying real estate at inflated prices. That stipulation is binding in these proceedings. *See Chang,* 307 F.3d at 1190–91 (looking to amount of loss stipulated in plea agreement to determine amount of loss to victims); *Moore v. Ashcroft,* 251 F.3d 919, 923 n. 7 (11th Cir.2001) (same); *United States v. Sebero,* 45 F.3d 1075, 1078 (7th Cir.1995) (permitting court to look to PSR to determine whether burglary constitutes a crime of violence for sentencing purposes); *see also Mansoori v. INS,* 32 F.3d 1020, 1024 (7th Cir.1994) (stating that an alien may not collaterally attack a conviction in an INS proceeding).

Moreover, since Akkaraju was convicted of conspiracy to commit bank fraud rather than bank fraud itself, there need not have been any actual loss for the conviction to constitute an aggravated felony. *See Kamagate v. Ashcroft,* 385 F.3d 144, 153 (2d Cir.2004). The co-conspirators simply must have contemplated acts that would cause a loss in excess of $10,000. That was the case here: Akkaraju and his cohorts at Advantage schemed together to buy dozens of properties, overstate their value by as much as $35,000 per parcel, and resell them to buyers as investment property.

Since Akkaraju's 1999 offense involved a loss to the victims of over $10,000, he was convicted of an aggravated felony and we are without jurisdiction to consider further his petition for review.

DISMISSED.