**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lewellis COLEMAN, Defendant–
Appellant.**

No. 94–1428.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 9, 1994.

Decided Oct. 26, 1994 *.

---

* Pursuant to Circuit Rule 40(f), this opinion has

been circulated among all judges of this court in

regular active service. No judge voted for a rehearing en banc on the question of a conflict with the Ninth Circuit's decision in *United States v. Carrillo*, 991 F.2d 590 (9th Cir.1993).

Barry Rand Elden, Asst. U.S. Atty., John J. Tharp (argued), Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Michael B. Brohman (argued), Stuart M. Gimbel, Kamensky & Rubinstein, Lincolnwood, IL, for defendant-appellant.

Before BAUER and FLAUM, Circuit Judges, and FOREMAN, District Judge.**

FLAUM, Circuit Judge.

Lewellis Coleman ("Defendant") argues that he was wrongly sentenced as a career offender under the United States Sentencing Guidelines following a guilty plea to residential burglary on federal land. He contends that the burglary was not a crime of violence and that he did not have two prior felony convictions, as required by the Guidelines. The defendant further argues that his sentence violates his Fifth and Eighth Amendment rights under the United States Constitution. We find that the district court properly sentenced Coleman as a career offender and thus affirm.

## I.

Lewellis Coleman broke into an apartment on the Great Lakes Naval Training Center on November 19, 1992, by prying open a locked door with a butter knife. At the time, he was under the influence of crack cocaine and was looking for money to buy more. In the house he found and stole more than $8,200 worth of jewelry. While Coleman was still inside, however, the occupant returned home. When he heard her, he jumped out of a second story window and escaped. He pawned the jewelry for $120 and bought some crack. After his arrest, Coleman took police to the pawn shop, where they recovered $5,300 worth of the stolen jewelry.

On September 10, 1993, the defendant pled guilty to one count of residential burglary in violation of the Assimilative Crimes Act, 18 U.S.C. § 13, and in violation of Ill.Rev.Stat., ch. 38, § 19–3 (now 720 ILCS 5/19–3 (1993)). The Assimilative Crimes Act provides that

the federal government will borrow the elements of a state crime when it has no applicable statute of its own, as with residential burglary. The federal government does have sentencing guidelines, however, under which Coleman was sentenced as a career offender based on two prior felony convictions, permitting a range of punishment of 120 to 150 months. Judge Holderman sentenced the defendant to 120 months incarceration, to be followed by 3 years of supervised release.

Coleman's two prior felony convictions resulted from acts he committed at age 17. On August 9, 1989, and again on December 13, 1989, he was arrested and charged with possession of a controlled substance. On January 18, 1990, the Cook County State's Attorney's Office swore out an information against Coleman, converting the December 13 possession charge to manufacture of/delivery of/possession with intent to deliver a controlled substance. On January 22, 1990, that office swore out an information charging Coleman with manufacture of/delivery of/possession with intent to deliver a controlled substance relating to his conduct on August 9. He pled guilty to these more serious charges and was sentenced to 18 months probation for each of them, to run concurrently.

The defendant challenges his sentence as a career offender on several grounds. First, he argues that the residential burglary was not a crime of violence. He also argues that his two prior convictions were related and, therefore, only count as one prior felony conviction. Coleman next contends that his two prior convictions, for acts committed while he was under 18 years of age, do not count because he was not sentenced to more than 13 months incarceration for those crimes. Finally, he argues that his sentencing as a career offender violated his due process rights and constitutes cruel and unusual punishment.

## II.

The United States Sentencing Guidelines ("Guidelines") state that a criminal is a ca-

** The Honorable James L. Foreman, of the United States District Court for the Southern District of Illinois, sitting by designation.

reer offender if "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. At the time he committed the residential burglary Coleman was 20 years old. He contends that the other criteria are not met in his case.

## A.

■ Coleman argues that the residential burglary was not a crime of violence because Illinois does not consider the offense a "forcible felony." *People v. Edgeston*, 243 Ill. App.3d 1, 183 Ill.Dec. 196, 201, 611 N.E.2d 49, 54 (1993). Coleman contends that the state's characterization should govern because the elements of the state crime were borrowed under the Assimilative Crimes Act. 18 U.S.C. § 13. While that is true, the defendant was convicted of a federal crime, for which the Guidelines govern sentencing. *See United States v. Young*, 916 F.2d 147, 150 (4th Cir.1990); *United States v. Leake*, 908 F.2d 550, 553 (9th Cir.1990); *United States v. Garcia*, 893 F.2d 250, 254 (10th Cir.1989). *See also* U.S.S.G. § 2X5.1 Background (explicitly mentioning assimilated crimes as those which must be analogized to other offenses for Guideline purposes). Thus, Illinois' characterization of the felony is irrelevant.

U.S.S.G. § 4B1.2, which defines the terms used in § 4B1.1, the career offender provision, clearly states that " 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year that.... (b) is burglary of a dwelling ..." The defendant makes two arguments in the face of this clear language. He first contends that "burglary of a dwelling" applies only to the federal crime of residential burglary on Indian land, and not to crimes borrowed from state law under the Assimilative Crimes Act. This contention overlooks the fact that § 4B1.2 specifically refers to "*any* offense under federal *or* state law." U.S.S.G. § 4B1.2 (emphasis added).

The guidelines show no indication that enumerated crimes refer only to federal offenses and we have assumed the opposite in the past. *See United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989). In any event, the defendant was convicted of a federal crime based on conduct which amounted to burglary of a dwelling, with state law supplying the elements of the crime. We find that § 4B1.2 designates Coleman's offense as a crime of violence.

Coleman further claims that notwithstanding the enumeration of "burglary of a dwelling" as a crime of violence, the District Court still had to focus on the circumstances of his offense, which did not present any real danger. As support for this position, he points to Application Note 2 of § 4B1.2, which states that "the conduct of which the defendant was convicted is the focus of the inquiry." However, such an inquiry is only made for non-enumerated crimes. Enumerated crimes, like burglary of a dwelling, are conclusively "crimes of violence," regardless of their circumstances. *See United States v. Lee*, 22 F.3d 736, 738 (7th Cir.1994); *United States v. Fredette*, 15 F.3d 272, 277 (2d Cir.) ("When a crime is designated a crime of violence under § 4B1.2 the district court must accept the designation without scrutinizing the conduct underlying the prior conviction."), *cert. denied*, —— U.S. ——, 114 S.Ct. 2119, 128 L.Ed.2d 677 (1994); *United States v. Smith*, 10 F.3d 724, 731–33 (10th Cir.1993). *Cf. Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990).

## B.

Next, the defendant asserts that he did not have two prior felony convictions, as required by the career offender provision of the guidelines. He makes this argument in two ways: that his two prior convictions were related crimes not separated by an intervening arrest; and that they cannot be used against him because he was less than 18 years old at the time and was not sentenced to prison for more than 13 months for either of them.

■ Related sentences are treated as only one conviction. Sentences are consid-

ered related if they were consolidated for trial or sentencing, unless separated by an "intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2 Application Note 3.

■ The defendant argues both that there was no intervening arrest and that his prior convictions were consolidated for sentencing. The state court did not formally order consolidation until August 2, 1994, *nunc pro tunc* March 12, 1990. The defendant and the government dispute whether this order is properly part of the case on appeal. The parties also dispute whether the trial court's actions at the original sentencing constituted consolidation, even absent a formal order.[1] However, because we find that the District Court correctly decided that there was an intervening arrest, we need not decide these issues.

Coleman was arrested twice in 1989, four months apart, and both times was originally charged with possession of a controlled substance. No one disputes that had he been convicted of these charges, they would not count as prior felony convictions under the career offender provision. *See* U.S.S.G. § 4B1.2. However, the Cook County State's Attorney's Office later charged the defendant with more serious offenses, to which he pled guilty. He does not deny that these convictions constitute prior felony convictions under § 4B1.1. However, the defendant contends that the offenses are related (for this purpose we will assume that they were consolidated for sentencing) because there was no intervening arrest. Coleman rests this argument on the fact that he was not arrested between January 18 and January 22, when the more serious charges were filed.

The defendant places too much weight on the arresting officer's original characterization of the offenses. Under Illinois law, the State's Attorney must swear out an information (or obtain an indictment) and is permitted to add charges against a defendant in that information. 725 ILCS 5/111–2(a), (f)

(1993). Once arrested, the defendant was "arrested" for all charges that might have been filed relating to his conduct. When looking for an intervening arrest we concentrate on the defendant's conduct. In this case he was arrested for the acts comprising the first offense before he committed the acts comprising the second offense. This sequence of events constitutes an intervening arrest under the Guidelines. *See* U.S.S.G. § 4A1.2 Application Note 3.

We have noted that "[t]he significance of an intervening arrest may be that 'an offender who has been arrested between his first and second offenses has perhaps demonstrated, more than one who has had no intervening arrest, that he is less likely to mend his ways.'" *United States v. Springs*, 17 F.3d 192, 196 (7th Cir.1994) (citation omitted). The defendant argues that he did not have "time to mend his ways" because he was not informed of the seriousness of his conduct on August 9, 1989 (and thus, the fact that a conviction would count under the career offender provision) until after he had committed the December 13 crime. This argument ignores the fact that the related crimes and "intervening arrest" section applies to guidelines other than just the career offender provision. Indeed, the same rules apply to U.S.S.G. §§ 4A1.1 and 4A1.2(d), which would have affected Coleman had he instead been convicted of the simple possession charges. He still had every reason to use the four months between these two drug arrests to "mend his ways" but instead showed that he was unlikely to do so.

■ Next, Coleman asserts that his two prior convictions should not count under the career offender provision because they occurred when he was 17 years old and he was not sentenced to a term of imprisonment of more than 13 months. Only when such a sentence is imposed will offenses committed prior to age 18 count as a 3 point enhancement of a defendant's criminal history. U.S.S.G. § 4A1.2(d)(1). Indeed, under that guideline Coleman's prior drug convictions

---

1. This court has held that a formal consolidation order is not necessary if the "record shows the sentencing court considered the cases sufficiently related for consolidation and effectively rendered

one sentence for the multiple convictions." *United States v. Russell*, 2 F.3d 200, 204 (7th Cir.1993). *See also United States v. Sexton*, 2 F.3d 218, 219 (7th Cir.1993).

would only add 1 point each toward determining his criminal history category, since he was only sentenced to probation for them. He argues that only the most serious crimes committed prior to age 18 should count toward status as a career offender. While one Court of Appeals has agreed with this argument (after the government had conceded the point), *United States v. Carrillo*, 991 F.2d 590, 592 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 231, 126 L.Ed.2d 186 (1993), we find it unpersuasive and in clear conflict with the Guidelines.[2]

U.S.S.G. § 4B1.2 defines the terms used in the career offender provision. Application Note 3 to that section states that a "prior felony conviction means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of ... the actual sentence imposed.... A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Application Note 4 states that § 4A1.2 (Definitions and Instructions for Computing Criminal History) applies to counting convictions for career offender purposes. This section includes the provision dealing with offenses committed prior to age 18 and contains no indication that only some of those offenses should be considered. Rather, the convictions for crimes committed prior to age 18 which are counted under § 4A1.2(d) are actually counted as 3, 2, or 1 point enhancements under § 4A1.1(a), (b), or (c), respectively. U.S.S.G. § 4B1.2(3) specifically contemplates the use of all such convictions for career offender purposes. Therefore, the District

Court properly used Coleman's prior controlled substance convictions as predicate offenses under the career offender provision.[3]

## C.

■■■■ Finally, the defendant argues that his 120 month sentence violates the due process ·clause of the Fifth Amendment and constitutes cruel and unusual punishment in violation of the Eighth Amendment. U.S. Const. amend. V, VIII. We reject these arguments.

From the defendant's brief, it is unclear how his sentence violated his due process rights, other than being simply "unfair" because he would have received a lesser sentence under both Illinois law and the federal guidelines, had he not been considered a career offender. Coleman argues that with good time under Illinois law he would have had to serve a maximum of 7½ years (½ of the maximum 15 year penalty allowed). However, while the Assimilative Crimes Act states that punishment should be "like" that of the state punishment, the federal government does not have to adopt the same provisions for computing when a sentence is satisfied. *See United States v. Norquay*, 905 F.2d 1157, 1162 (8th Cir.1990); *United States v. Vaughan*, 682 F.2d 290, 294–95 (2d Cir.1982). The defendant was sentenced within the state guidelines (4–15 years), which is all that the Assimilative Crimes Act requires.

Furthermore, we do not find that the defendant's 120 month sentence is so "grossly disproportionate" to his crime as to constitute cruel and unusual punishment. *Harmelin v. Michigan*, 501 U.S. 957, 1000–02, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991)

2. The defendant misreads other cases cited in support of his argument. In *United States v. Latimer*, 991 F.2d 1509 (9th Cir.1993), the Court did not find that a prior sentence to a community treatment center could not be used for career offender purposes because it only counted as 1 criminal history point. Rather, it could not be used as a prior felony conviction because such use was barred by the applicable time periods set out in § 4A1.2(e). *Id.* at 1514.

The Court in *United States v. Shoupe*, 929 F.2d 116, 121 n. 3 (3rd Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991), did say, as Coleman stated in his brief, that "[u]nder the career offender guideline, only those convic-

tions resulting in prison sentences exceeding one year are counted." However, the court was referring to §§ 4B1.1 and 4B1.2, and Application Note 3, which indicates that the court simply overlooked the "regardless of ... the actual sentence imposed" language of those sections.

3. Coleman's prior convictions meet all necessary requirements: they were punishable by more than one year in prison, *see* 720 ILCS 570/401; they were considered adult convictions by the State of Illinois; and sentences were imposed for them within five years of the instant offense. *See* U.S.S.G. § 4A1.2(d)(2)(B).

(Kennedy, J., concurring). In *United States v. Saunders,* 973 F.2d 1354, 1365 (7th Cir. 1992), *cert. denied,* — U.S. —, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993), we upheld a 262 month sentence, under the career offender provision, for conspiring to possess cocaine with the intent to distribute and for possession of cocaine with the intent to distribute. As in *Saunders,* we find that Coleman's sentence, which is within the federal guidelines, is not "grossly disproportionate" to the gravity of his crime and does not constitute cruel and unusual punishment. *See also Harmelin,* 501 U.S. at 1002, 111 S.Ct. at 2705 (upholding life sentence without the possibility of parole for possession of 650 grams of cocaine); *United States v. Johnson,* 22 F.3d 674 (6th Cir.1994) (upholding fifteen year sentence for possession of firearm by a felon); *United States v. Garrett,* 959 F.2d 1005 (D.C.Cir.1992) (upholding 30 year sentence as career offender for possession of cocaine base with intent to distribute and possession of cocaine with intent to distribute).

For the foregoing reasons, the sentence of the district court is affirmed.

AFFIRMED.