62 F.3d 1420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Audrey L. OSBURN, also known as Audrey L. Genovese,
Defendant-Appellant.
 No. 94-3926.
 United States Court of Appeals, Seventh Circuit.
 Argued May 18, 1995.
Decided July 11, 1995.
 
 1
 Before Flaum and Manion, Circuit Judges and Sharp, Chief District Judge*.
 
 ORDER
 
 2
 The defendant, Audrey Osburn, applied for a student loan under the Guaranteed Student Loan Program. She received four loan checks totaling approximately $3,600, even though she never attended a certified college. She used this money, instead, to pay her rent and to buy clothes, food and other items more immediate than education.
 
 
 3
 Osburn was subsequently charged with four counts of misapplication of student loan funds, in violation of 20 U.S.C. Sec. 1097(a). She pleaded guilty to counts three and four of the indictment. The government dismissed the first two counts. Osburn was sentenced to five years in prison on count three and five years suspended probation on count four. The term of probation on count four was ordered to run consecutively to any parole or supervision time resulting from the sentence on count three.
 
 
 4
 On June 8, 1990, after serving twenty months in prison on count three, Osburn was released on parole. On September 22, 1993, she finished serving her entire sentence on count three and her consecutive term of probation on count four began to run. One requirement of Osburn's probation was to refrain from violating any federal, state, or local law. Osburn violated this provision of her probation by using cocaine. Accordingly, on November 14, 1994, a probation revocation hearing was held. At this hearing, Osburn admitted that she violated her probation by using cocaine. The district court then revoked her probation and sentenced her to four years in prison on count four. She appeals her sentence.
 
 I. Analysis
 
 5
 Osburn's sole argument on appeal is that her Eighth Amendment right to be free from cruel and unusual punishment was violated when she was sentenced to serve four years in prison for misapplication of student loan funds under count four.
 
 
 6
 "The eighth amendment forbids only extreme sentences that are 'grossly disproportionate' to the crime." United States v. Saunders, 973 F.2d 1354, 1365 (7th Cir. 1992); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring). In determining whether a sentence is "grossly disproportionate" to the crime we grant substantial deference to the legislative determination of the appropriate punishment for an offense. Saunders, 973 F.2d at 1365. Thus, we look with disfavor on challenges to sentences that are within the statutory maximums established by Congress. Id.
 
 
 7
 Here, Osburn was sentenced to serve four years in prison for misappropriating student loan funds in violation of 20 U.S.C. Sec. 1097(a). Congress assessed a prison term of up to five years as an appropriate sentence for violation of this federal criminal statute. 20 U.S.C. Sec. 1097(a). She was originally sentenced to five years of probation in lieu of a prison term, but after she violated terms of her release, the judge sentenced her to four years in jail on count four. In these circumstances, her sentence was not grossly disproportionate to her crime. United States v. Coleman, 38 F.3d 856, 861 (7th Cir. 1994) (holding that career offender's 120-month sentence for residential burglary was not grossly disproportionate to the crime of conviction); United States v. Johnson, 22 F.3d 674, 682 (6th Cir. 1994) (upholding fifteen-year sentence for possession of firearm by a felon). That is especially true in this pre-Guidelines case, where Osburn may qualify for parole in as few as sixteen months. Gutierrez v. Moriarty, 922 F.2d 1464, 1473 (10th Cir. 1991) (stating that "[t]he availability of parole is relevant to determining whether the length of a sentence violates the Eighth Amendment").
 
 
 8
 For these and the foregoing reasons, we AFFIRM.
 
 
 
 *
 Hon. Allen Sharp, of the Northern District of Indiana, sitting by designation