UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4246

HAROLD DEAN ENGLISH, a/k/a Harold
Brown, Jr., a/k/a Bug,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-95-68)

Argued: October 30, 1997

Decided: March 9, 1999

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Vacated and remanded by unpublished opinion. Judge Ervin wrote the
opinion of the court. Judge Widener wrote an opinion concurring in
the judgment. Judge Wilkins wrote an opinion concurring in the judg-
ment.

_____

**COUNSEL**

**ARGUED:** Lee Ann Anderson McCall, Washington, D.C., for
Appellant. Jane Barrett Taylor, Assistant United States Attorney,
Columbia, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey,
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

This case presents a question of first impression in this circuit: under what circumstances, if any, is a felony conviction that resulted in sentencing under a "youthful offender" statute an "adult conviction" for purposes of career offender classification under the United States Sentencing Guidelines ("U.S.S.G." or"Guidelines")? The district court found Harold English, the defendant in this case, to be a career offender under the Guidelines and thus sentenced him under criminal history category VI. One of the adult convictions necessary to support the career offender classification was a conviction under South Carolina's Youthful Offender statute when English was 17 years old. We find that English's conviction was not, under the circumstances in this case, an adult conviction and thus vacate his sentence and remand for resentencing in accordance with this opinion.

I.

Harold Dean English pleaded guilty to possession with intent to distribute and distribution of crack cocaine. The pre-sentence investigation report ("PSR") attributed to English at least 3.2 kilograms of crack cocaine and assigned him a base offense level of 40, with a three-level adjustment for acceptance of responsibility, leaving him with a total offense level of 37, and assessed English's criminal history category at V. However, because he had what the PSR deemed to be two prior adult convictions for violent felonies or substance abuse offenses, he was sentenced without objection as a career offender, which automatically placed him in criminal history category VI.

At sentencing, the district court adopted the findings of the PSR, with the exception of assigning English a total offense level of 29, which comprised a base offense level of 32 with a three-level reduc-

2

tion for acceptance of responsibility. The district court departed from the PSR with the agreement of the United States attorney and English, both of whom agreed that such a categorization was more in line with what the parties envisioned during the plea negotiations. The district court therefore sentenced him at level 29, criminal history category VI. As such, he received a sentence of 151 months, the possible range having been 151-188 months.

One of the convictions supporting English's categorization as a career offender was a state conviction for assault and battery with intent to kill imposed under the South Carolina Youthful Offender Act. S.C. Code Ann. § 24-19-10 et seq. (Law. Co-Op 1989).[1] English was 17 when he committed that offense. He was sentenced to an indefinite term in prison not to exceed six years, but his sentence was suspended to three years of probation, which he served satisfactorily. Without this offense, English lacks the two prior offenses necessary to sentence him as a career offender.[2]

English now appeals his sentence, claiming that the district court committed plain error in sentencing him as a career offender, and that his attorney was ineffective for failing to object on that basis. In the event he is found not to be a career offender, he also challenges the accuracy of the PSR's assessment of his criminal history at category V.

II.

The district court had jurisdiction over this case under 18 U.S.C.

---

[1] The South Carolina Youthful Offender Act was amended in 1993, 1995, and 1996; for the sake of clarity this opinion refers to the Act as it existed at the time of the contested conviction. The definition of youthful offender has been altered to exclude those offenders who have committed violent crimes, which would include assault and battery with attempt to kill. S.C. Code Ann. § 24-19-10(d) (Law. Co-Op 1997); id. at § 16-3-620.

[2] English does not contest that he has one conviction -- his October 1991 conviction for assault and battery with intent to kill, illegal possession of a pistol, and possession with intent to distribute cocaine -- that could properly serve as a predicate for career offender status.

3

§ 3231 (1994). The court entered a final order on March 7, 1996, and this timely appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2).

III.

The crux of English's argument is that he was improperly classified as a career offender under the Guidelines. English failed to object contemporaneously to his sentencing; thus, we review the district court's decision for plain error. United States v. Grubb, 11 F.3d 426 (4th Cir. 1993).

A.

In order for a defendant to be classified as a career offender, 1) he must be at least 18 years old at the time of the instant offense; 2) the instant offense must be a crime of violence or a controlled substance offense; and 3) he must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 (Nov. 1994). The latter criterion is implicated in this case.

The Guidelines provide that a "'prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 app. note 3.[3] Under the Guidelines, a conviction for an offense committed prior to age 18 is an adult conviction for career offender classification purposes if it is classified as an adult conviction under the laws of the jurisdiction where the defendant was convicted. Id. The career offender provision of the Guidelines further provides that one is to apply the definitions and instructions set forth in the criminal history provision, section [4A1.2], to the counting of convictions to determine career offender status. U.S.S.G. § 4B1.2 app. note 4.

_____

[3] The commentary to the Guidelines is binding on the courts insofar as it does not contradict the Guidelines' textual meaning. Stinson v. United States, 508 U.S. 36, 38 (1993).

4

These multiple layers of interpretation require careful attention. A prior offense under the terms of the career offender provision is an <u>adult</u> conviction that is punishable by more than one year in prison, regardless of the actual sentence imposed. <u>Id.</u> at app. note 3 (emphasis added). In this case, the initial question is whether English's conviction in South Carolina and sentencing as a "youthful offender" was an <u>adult</u> conviction for purposes of the Guidelines.

The Guidelines direct that we look first to South Carolina law to determine whether South Carolina law classified the conviction as an adult conviction. English was 17 when he was convicted in the Court of General Sessions of assault and battery with intent to kill. He thus qualified as a "youthful offender" under South Carolina law, which defined a youthful offender as at least 17 but under 25 at the time of conviction. S.C. Code Ann. § 24-19-10(d) (Law. Co-op. 1989). The youthful offender law excluded those convictions that were punishable by less than one year of imprisonment or by life imprisonment or death. S.C. Code Ann. § 24-19-10(f).

South Carolina law did not classify youthful offender convictions as either adult or juvenile; the Youthful Offender Act gave trial judges the discretion to treat youthful offenders as either juveniles or as adults, depending on the circumstances of the case. <u>Id.</u> at § 24-19-50; <u>Craft v. State</u>, 330 S.E.2d 330, 331 (S.C. 1984). As directed by the Guidelines, we therefore must look to the interpretive provisions of the criminal history portion of the Guidelines, section [4A1.2], in order to determine whether the disputed conviction was adult or juvenile. U.S.S.G. § 4B1.2 app. note 4.

Under the criminal history provision of the Guidelines, an offense committed by those under age 18 should be counted as an adult sentence only if it results in a "sentence[ ] of imprisonment" exceeding one year and one month. U.S.S.G. § 4A1.2 app. note 7. If a portion of the sentence is suspended, "sentence of imprisonment" refers only to the portion that was not suspended. U.S.S.G.§ 4A1.2(b)(2). English was sentenced to an indefinite period in custody, not to exceed six years, which period was suspended to three years probation. He therefore served no time in prison for the youthful offender conviction.

5

The Eleventh Circuit addressed this precise issue in <u>United States v. Pinion</u>, 4 F.3d 941 (11th Cir. 1993). In <u>Pinion</u>, which also interpreted the South Carolina Youthful Offender Act, the court determined that South Carolina did not technically classify the defendant's convictions as either adult or juvenile. That omission required further analysis of the nature of the proceedings, the sentences received, and the actual time served, in accordance with the direction of Guidelines section [4A1.2], app. note 7. <u>Id.</u> at 944 & n.6. In <u>Pinion</u>, the defendant was convicted in the Court of General Sessions, an adult court; he received indeterminate sentences not to exceed six years for his various crimes; and he was actually confined for 27 months. <u>Id.</u> at 944. The court found these factors demonstrated that South Carolina had proceeded against Pinion as an adult. <u>Id.</u> at 945. Cf. <u>United States v. Quinn</u>, 18 F.3d 1461, 1467 (9th Cir. 1994) (holding that prior conviction of 16 year-old is "adult" conviction if maximum sentence imposed exceeded one year and one month, regardless of indeterminacy of period of imprisonment); <u>United States v. Carrillo</u>, 991 F.2d 590 (9th Cir. 1993)(holding that "adult sentences" are those imposed for "adult convictions," regardless of whether the term of incarceration is served in a youth facility or an adult correctional institution).

In this case, the <u>Pinion</u> analysis leads to a different result. English was convicted in the Court of General Sessions. He was given a sentence of six years, which was suspended to three years of probation. Thus, under the analysis dictated by the Guidelines, and used by the Eleventh Circuit in <u>Pinion</u>, English's entire"sentence of imprisonment" was suspended and did not result in any sentence of imprisonment, let alone one exceeding one year and one month. U.S.S.G. § 4A1.2(b)(2). English served no time in prison for the offense. English's conviction for assault and battery with intent to kill, therefore, does not count as an "adult" conviction for career offender purposes. English was improperly sentenced as a career offender.

Such a result does not run counter to the Ninth Circuit's approach in <u>Carrillo</u> and <u>Quinn</u>. In both of those cases, the offenders were sentenced to time in prison, and there is no evidence that the sentence was suspended in either case.

The Seventh Circuit has, however, reached the opposite conclusion in a similar case. In <u>United States v. Coleman</u>, the court found two

6

prior convictions at age 17 to be predicate offenses for career offender status, notwithstanding the fact that each resulted in sentences of probation. 38 F.3d 856, 860-61 (7th Cir. 1994). Relying on the language in Guideline section [4B1.2] that counts for career offender purposes an adult conviction punishable by a sentence of more than one year, regardless of the actual sentence imposed, the court found the two convictions plainly satisfied the Guidelines' criteria. Id. The court stated that section [4B1.2(3)] specifically contemplates that all such convictions should count, and notes that section[4A1.2] contains no indication that only some offenses committed prior to age 18 should be counted for career offender purposes. Id. at 861.

The Coleman court ignored any distinction the Guidelines have drawn between convictions that clearly occurred when the defendant was an adult and those committed when the defendant was under 18. Section [4B1.2] requires a court to count, for career offender purposes, an adult conviction that is punishable for more than one year and one day, regardless of the actual sentence imposed; it does not, however, define adult conviction as one that is punishable for more than one year and one day.

Moreover, if one were to follow the dictates of the Coleman court, an offense committed under the age of 18 that resulted in a sentence of probation could be used as a predicate offense for career offender status, but the same sentence would warrant the imposition of only one point, rather than three, for criminal history purposes. U.S.S.G. § 4A1.2(d) (imposing three points for adult convictions for which defendant received a sentence of imprisonment exceeding one year and one month but only one point for those resulting in confinement for fewer than 60 days). Such an anomalous result makes the Pinion court's interpretation more reasonable and consistent with the overall Guidelines scheme.

The district court's miscalculation warrants resentencing even under a "clear error" standard. As required by United States v. Olano, an error was committed, the error was plain, and the error affected English's substantial rights. 507 U.S. 725, 732-36 (1993). The error was plain because it was "clear under current law." United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996), cert. denied, 117 S.Ct. 496 (1996). Sentencing a defendant to a period of incarceration in excess

7

of the time he should otherwise serve affects his substantial rights. Ford, 88 F.3d at 1356 (error clearly affected substantial rights when it caused the defendant to be sentenced at a more severe guidelines range).

"If all three [Olano] conditions are met, we may then exercise our discretion to notice the forfeited error, but even then only if the error `seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Williams , 152 F.3d 294, 300 (4th Cir. 1998) (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)). We choose to exercise our discretion in this case because the error affected the fairness and integrity of the proceedings against English by labeling him a "career offender" though his record did not support such a conclusion.

B.

English's second contention is that, should we find the district court erred in classifying him as a career offender, we should remand with instructions to the district court that he properly falls within criminal history category III, rather than category V as calculated in the PSR. For the reasons that follow, we do not accept English's argument.

English argues that the PSR incorrectly assigned three criminal history points to each of two prior offenses that were actually part of the same course of conduct as the instant offense. On the basis of those points, the probation officer concluded that English would have a criminal history category of V if he were not treated as a career offender.

English is correct that prior convictions cannot be used both to increase a defendant's criminal history points and to enhance the base offense level as "relevant conduct." Ford , 88 F.3d at 1350. The Sentencing Guidelines were amended specifically to avoid such double counting. U.S.S.G. app. C amend. 493 (1993). Therefore, criminal history points may be added only for a prior sentence of imprisonment previously imposed "for conduct not part of the instant offense." U.S.S.G. § 4A1.2(1). Conduct that is part of the instant offense means

8

conduct that is relevant conduct to the instant offense under the provisions of section [1B1.3]. U.S.S.G. § 4A1.2 app. note 1.

English was convicted and sentenced in South Carolina in October of 1991 for assault and battery with intent to kill, illegal possession of a pistol, and possession with intent to distribute cocaine. In March, 1991, he was convicted and sentenced for the transporting of proceeds from illegal activity in Florida. English contends that the PSR relies on conduct underlying those offenses as relevant conduct in determining his base offense level.

English's argument fails for two reasons. First, the district court did not adopt the PSR wholesale, as English would have this court believe. Rather, the district court adopted the PSR except for its calculation of offense level. The district court assigned English a base offense level of 32, with three points off for acceptance of responsibility, to end at a 29, rather than a base offense level of 40 as calculated in the PSR. Base level 32 requires that a defendant be responsible for at least 50 grams of cocaine base; the PSR makes clear that English was responsible for at least that much cocaine post-1991. J.A. at 82-83. Therefore, none of the relevant conduct underlying the 1991 convictions was needed to support English's sentencing at a base level of 32. Second, the PSR's recitation of relevant conduct did not clearly rely on conduct underlying the disputed 1991 convictions. Indeed, the PSR quotes several witnesses who saw English with either cocaine or cocaine base in circumstances distinct from those surrounding the 1991 convictions. J.A. at 82-83.

C.

English's claim of ineffective assistance of counsel is mooted by our holding in his favor on the career offender claim.

IV.

We vacate English's sentence and remand this case to the district court for English to be resentenced at offense level 29, criminal history category V.

VACATED AND REMANDED

9

WIDENER, Circuit Judge, concurring in the judgment:

In order for the defendant to be classified as a career offender he must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G.§ 4B1.1. The Guidelines state that a "`prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 app. note 3. The Guidelines provide that a conviction for an offense committed prior to age 18 qualifies as an adult conviction if the laws of the jurisdiction where the defendant was convicted classify it as an adult conviction. U.S.S.G. § 4B1.2 app. note 3. The career offender provision further provides that the definitions and instructions in the criminal history provisions of § 4A1.2 are applicable to the counting of convictions to determine career offender status. U.S.S.G. § 4B1.2 app. note 4.

The Guidelines direct that we examine South Carolina law to determine whether English's conviction and sentencing as a "youthful offender" qualify as an adult conviction for the purposes of career offender classification. U.S.S.G. § 4B1.2 app. note 3. The Eleventh Circuit addressed this exact issue in United States v. Pinion, 4 F.3d 941 (11th Cir. 1993), a case involving essentially the same facts as we have before us. The court stated that South Carolina did not technically classify the defendant's conviction as either adult or juvenile. See Pinion, 4 F.3d at 944 n.6. Because South Carolina law is unclear as to whether a youthful offender conviction of a 17 year-old is an adult conviction, we next examine the criminal history provisions of the Guidelines to determine whether English's conviction can be counted for career offender classification. U.S.S.G.§ 4B1.2 app. note 4.

U.S.S.G. § 4A1.2 app. note 7 provides: "[F]or offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted." Further, if a portion of the defendant's sentence is suspended, then the phrase "sentence of imprison-

10

ment" in § 4A1.2(d)(1) refers only to the portion of the sentence that was not suspended. U.S.S.G. § 4A1.2(b)(2).

Here, the Court of General Session of South Carolina sentenced English to an indefinite period in custody, not to exceed six years. This period of custody was suspended with three years probation. Regardless of whether we consider the youthful offender conviction itself to be adult or juvenile, this conviction should not be counted for career offender purposes because English did not receive any sentence of imprisonment or otherwise qualifying him as a career offender. U.S.S.G. § 4A1.2(d).

WILKINS, Circuit Judge, concurring in judgment:

I agree with the conclusion that English should not have been sentenced as a career offender. I write separately, however, because my reasoning in reaching this conclusion differs from that of Judge Ervin. Judge Ervin states that the issue presented for our review is whether English's conviction in 1986, when English was 17, for assault and battery with the intent to kill was an adult conviction under South Carolina law. In my view, it is unnecessary to resolve this question because even if the 1986 conviction were an adult conviction, the district court should not have counted it for purposes of applying the career offender guideline.

Pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (1994):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The parties do not dispute that English satisfied the first two requirements. And, the presentence report identified two predicate convictions satisfying the third element--a 1986 conviction for assault and battery with the intent to kill and a 1991 conviction for assault and battery of a high and aggravated nature. Although English concedes

11

that the 1991 conviction should be counted for purposes of applying the career offender provision, he asserts that the district court erred in counting the 1986 conviction.

Two provisions in the commentary to U.S.S.G. § 4B1.2 (which defines the terms used in § 4B1.1) are relevant to the determination of whether English's 1986 conviction should be counted for purposes of applying the career offender guideline. First, application note 3 defines the term "prior felony conviction." See U.S.S.G. § 4B1.2, comment. (n.3). As relevant here, application note 3 explains that "[a] conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id. Second, application note 4 provides that "[t]he provisions of §4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under §4B1.1." U.S.S.G. § 4B1.2, comment. (n.4).

Here, it is unnecessary to determine whether English's 1986 conviction was an adult conviction under South Carolina law because even if it were, application of § 4A1.2 precluded the district court from counting the conviction for purposes of determining whether English was a career offender. See United States v. Bacon, 94 F.3d 158, 161 (4th Cir. 1996) (noting that "[w]hether a prior conviction must be counted under § 4B1.1 is determined by reference to § 4A1.2"). Commentary to § 4A1.2 provides, in pertinent part, that convictions for offenses committed before the age of 18 are counted for criminal history purposes only if they "resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2, comment. (n.7). Because English's 1986 conviction fits none of these criteria, it should not be counted for purposes of applying the career offender guideline. See United States v. Carrillo, 991 F.2d 590, 592 (9th Cir. 1993) (explaining that determination of whether an adult conviction for an offense committed prior to age 18 counts for purposes of applying the career offender guideline depends upon application of

12

§ 4A1.2); see also United States v. Coleman, 38 F.3d 856, 861 & n.3 (7th Cir. 1994) (same).* Accordingly, I concur in the judgment.

_____

*In its discussion of Coleman, Judge Ervin appears to indicate that a conviction for an offense committed before the age of 18 counts for purposes of applying the career offender guideline only if the offense resulted in a sentence of imprisonment exceeding one year and one month--i.e., if the defendant would be awarded three criminal history points under § 4A1.2(d)(1). See Carrillo , 991 F.2d at 592. Of course, this discussion is dicta, since English would not have been awarded any criminal history points for the 1986 conviction under§ 4A1.2(d). Were the issue before us, however, I would conclude that any offense committed prior to the age of 18 for which at least one criminal history point would be awarded under § 4A1.2(d)--and that otherwise satisfies the requirements of §§ 4B1.1 and 4B1.2--should be counted for purposes of applying the career offender guideline. See Coleman , 38 F.3d at 861.

13