ELLIS, Senior District Judge,
concurring:
I am pleased to concur in the result reached in the per curiam opinion, but I nonetheless consider it necessary to write separately to underscore the narrow range of circumstances in which this holding would govern.
Analysis must begin with the settled principle, acknowledged in the per curiam opinion, that “the term ‘like punishment,’ as used in the ACA, requires only that the punishment be similar, not identical.” United States v. Pierce, 75 F.3d 173, 176 (4th Cir.1996). Moreover, “[t]he phrase ‘like punishment,’ does not encompass every incident of a state’s sentencing policy.” United States v. Harris, 27 F.3d 111, 115 (4th Cir.1994). Thus, federal courts acting pursuant to the ACA are not bound by state rules of evidence or state law regarding parole, probation, good time credits, or special assessments. United States v. Slatkin, 984 F.Supp. 916, 918 (D.Md.1995); see e.g., Kay v. United States, 255 F.2d 476 (4th Cir.1958); Harris, 27 F.3d 111. This is so because “the Sentencing Guidelines apply to convictions under § 13 [the ACA].” Harris, 27 F.3d at 115. Therefore, to give proper effect to federal sentencing policies and to satisfy the “like punishment” requirement of the ACA, we have held that a federal court imposing an ACA sentence must adhere to the state’s statutorily prescribed minimum and maximum sentence, but within this range, the court must apply the Guidelines. United States v. Young, 916 F.2d 147, 150 (4th Cir.1990). This means that “[t]he court is required to determine if there is a sufficiently analogous offense guideline, and, if so, to apply the guideline that is most analogous.” U.S.S.G. Manual § 2X5.1 comment. On the other hand, where “there is no sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 control.” Id., see Harris, 27 F.3d at 115. Significantly, in applying the Guidelines to determine the appropriate sentence within the state’s statutorily prescribed range, a federal court “will not assimilate a state sentencing provision that conflicts with federal sentencing policy.” Pierce, 75 F.3d at 176. Put simply, “when state law provisions conflict with federal policy, federal policy controls.” Id.[1]
*858 It follows from these well-settled principles that where a district court, acting pursuant to the ACA, finds that there is a sufficiently analogous offense guideline, which is higher than the state sentencing guidelines’ presumptive sentence, and thus in conflict with the state’s presumptive sentence, the federal Guidelines control and the federal court may impose a sentence within the state statutory maximum for the offense charged, but higher than the state sentencing guidelines’ presumptive sentence. See Pierce, 75 F.3d 173.[2] For example, in this case had the district court applied the Guidelines and found that an analogous offense guideline advised a sentence of 10 to 15 months, the court would not have been bound by the 10 month maximum required by the state’s sentencing guidelines. On the other hand, where, as here, no sufficiently analogous offense guideline applies, it is appropriate for a federal court, acting pursuant to the ACA, to follow the state’s guidelines range.
In sum, where, as is not here the case, an applicable federal Guidelines range conflicts with the state sentencing guidelines range, I would conclude that the Guidelines, including its criminal history calculation, would trump the state’s sentencing guidelines.

. Such conflicts arise where, as here, the state's criminal history calculation differs markedly from that of the Guidelines. For *858 example, in this case, under the North Carolina Structured Sentencing Act, defendant had zero criminal history points, and thus, was within criminal history category I, while under the Guidelines defendant’s prior criminal offenses amounted to 4 criminal history points, placing him in criminal history category III. This significant disparity reflects the difference between federal sentencing policies and state sentencing policies, and underscores the importance of not assimilating state sentencing guidelines in toto because of the potential for conflict with federal sentencing policies. See United States v. Clark, 361 F.Supp.2d 502, 508 (E.D.Va.2005) (holding that “statutes expressing [state] sentencing policies do not override the clearly expressed federal policies contained in the United States Sentencing Guidelines”).

. See also United States v. Coleman, 38 F.3d 856 (7th Cir.1994) (rejecting appellant’s claim that state characterization of “crime of violence” should govern in an ACA case, rather than the Guidelines' definition, because "the defendant was convicted of a federal crime for which the Guidelines govern sentencing”); United States v. Garcia, 893 F.2d 250 (10th Cir.1989) (affirmed a sentence that fell within the state’s maximum term and was imposed using a Guidelines calculation, rather than the state’s sentencing guidelines); United States v. Norquay, 905 F.2d 1157 (8th Cir. 1990) (construing Major Crimes Act (“MCA”), 18 U.S.C. § 1153, which, like the ACA, assimilates state criminal law and requires federal courts to impose “the same law and penalties,” to require that the Guidelines, and not state sentencing guidelines, apply to determine the appropriate sentence within the state’s statutorily prescribed range); United States v. Pluff, 253 F.3d 490 (9th Cir.2001) (overturning prior precedent in MCA case that held that "state sentencing schemes, rather than the federal sentencing guidelines, apply in [MCA] prosecutions for crimes that must be ‘defined and punished’ according to state law”).